Andrew Greco et al., appellees, v. Shirley Bonacci et al., appellees, Impleaded with Yano S. Caniglia, appellant.

234 N. W. 2d 904

Filed November 13, 1975. No. 39870.

Tom Kelley and Michael Lehan of Kelley & Kelley, for appellant.

Abrahams, Kaslow & Cassman, for appellees Greco et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This was an action to recover liquidated damages under a contract between the parties. The trial court found for the plaintiffs and the defendant Caniglia has appealed.

The plaintiffs are the owners of the property located at 4501-3 Center Street in Omaha, Nebraska, and formerly operated a cocktail lounge on the premises. In 1969 the plaintiffs sold the cocktail lounge business to Shirley Bonacci, Yano S. Caniglia, and 7059 Building, Inc., a corporation owned and controlled by Bonacci and Caniglia. The plaintiffs leased the premises to the corporation and the purchasers agreed to apply for a Class C liquor license for the premises. The purchasers agreed to maintain the license in good standing, not transfer it to any other location, and at the expiration of the lease do all acts necessary to cause the license to be "transferred to and reissued" in the names of the plaintiffs. The contract contained a provision for liquidated damages in the amount of $10,000 if the purchasers failed to perform and the license was revoked, canceled, or not renewed or the plaintiffs were denied the license.

In 1970 Bonacci and Caniglia sold the business to Frank Paladino. A release was executed by all parties to the original lease and the plaintiffs executed a new lease to Paladino. A new agreement was executed by the plaintiffs, Bonacci, Caniglia, the corporation, and Paladino in which Paladino agreed to apply for a Class C license and maintain it in good standing, not transfer it, and at the expiration of the lease to do all acts necessary to cause the license to be transferred to and reissued to the plaintiffs. The agreement also contained a liquidated damage provision similar to the first agreement which was binding, jointly and severally, upon Bonacci, Caniglia, the corporation, and Paladino.

The license obtained by Paladino was revoked on December 15, 1971. In 1972 demand was made on Bonacci and Caniglia for payment of the liquidated damages.

This action was commenced in 1973. A default judgment was obtained against Bonacci on May 23, 1973. After trial to the court, judgment was entered against Caniglia on July 12, 1974.

Caniglia, the appellant, contends the agreement was void as against public policy, that the release executed in 1970 discharged him from the 1969 contract, and that the plaintiffs could not recover because they failed to apply for a license after 1971. The appellant relies upon the provisions in the Nebraska Liquor Control Act that a license is a personal privilege, not alienable or transferable. § 53-149, R. R. S. 1943. The appellant argues that the contract was void because it amounted to an attempt by the plaintiffs to rent a license.

Under the Nebraska Liquor Control Act a license applies only to particular premises which are described in the license, but a licensee may obtain permission to transfer the license to a different location. § 53-129, R. R. S. 1943. The only way the owner of property can make sure that a license will be available for his property is to require the lessee to agree not to transfer a license obtained by the lessee to another location, and to assist the owner in obtaining a license in the owner's name upon expiration of the lease. Agreements of this nature are generally held valid and enforceable. See, A. D. Jones & Co. v. Parsons, 136 Colo. 434, 319 P. 2d 480; Ritz v. Rafail, 366 Pa. 274, 77 A. 2d 411; 45 Am. Jur. 2d, Intoxicating Liquors, § 177, p. 611.

Under the Nebraska Liquor Control Act licenses as such are not transferred from one licensee to another. The procedure is to surrender the old license and apply for a new license to be issued to the new licensee. The agreement in this case recognized the authority of the Liquor Control Commission and in effect it merely provided the licensee would not request permission to transfer his license to a different location and would assist the owner of the property to obtain a new license for the premises upon expiration of the lease.

So far as the release executed in 1970 is concerned, it only released the parties from obligations under the 1969 lease. The 1970 agreement contained a liquidated damage provision which was binding upon Bonacci, Caniglia, the corporation, and Paladino.

The agreement further provided that the plaintiffs were entitled to the liquidated damages if Paladino failed to perform, or if the license was revoked, canceled, or not renewed, or if the plaintiffs were denied a license. The plaintiffs were entitled to damages if any of these events occurred. Denial of a license was not a condition precedent to the plaintiffs' right to recover.

The judgment of the District Court is affirmed.

AFFIRMED.